**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**DEEL SZEKLINSKI,**

                    Plaintiff,

        **-vs-**                                               **Case No. 07-C-222**

**WILLIAM T. NEARY and Spouse (Jane Doe I),
United States Trustee,
MARY KAY McSHERRY and Spouse (John Doe II),
Bankruptcy Analyst,
DAVID W. ASBACH and Spouse (Jane Doe III),
Assistant United States Trustee, and
CRAIG CONNER and Spouse (Jane Doe IV),
private individual,**

                    Defendants.

**DECISION AND ORDER**

The plaintiff, Deel Szeklinski ("Szeklinski"), filed a *pro se* complaint alleging that the above-captioned defendants engaged in a conspiracy which caused him to lose two Harley Davidson motorcycles in Chapter 7 bankruptcy. Szeklinski also requested leave to proceed *in forma pauperis* ("IFP"), which the Court now considers.

To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Plaintiff alleges that he filed a Chapter 7 bankruptcy action on or about April 7, 2006. He further alleges that defendant Craig Connor ("Connor"), a private individual, "knowingly brought forth fraudulent ownership information concerning two Harley Davidson Motor Cycles to David Asbach, and Mary Kay McSherry, in which Craig Connors stated that the Plaintiff was still in ownership of said motor cycles in violation of the United [S]tates Bankruptcy Code." (Complaint, Cause of Action, ¶ 3). Szeklinski requests $10,000,000.00 in compensatory and punitive damages from each defendant.

Bankruptcy trustees are entitled to quasi-judicial immunity for carrying out the orders of the Bankruptcy Court. *See Lerch v. Boyer*, 929 F. Supp. 319, 323 (N.D. Ind. 1996). Accordingly, defendants William Neary (United States Trustee), David Asbach (Assistant United States Trustee), and Mary Kay McSherry (Bankruptcy Assistant) are all entitled to immunity. *See also Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) ("[A] trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process"). Connor is not an officer of the Trustee, so the Court will address plaintiff's claim against him separately.

Plaintiff alleges that Connor engaged in a conspiracy with the Trustee defendants to violate his constitutional rights. Plaintiff cites 42 U.S.C. §§ 1983 and 1985, but those statutes address constitutional violations made under color of *state* law, not federal law, as alleged here. *See Lovlace v. Whitney*, 684 F. Supp. 1438, 1441 (N.D. Ill. 1988). Plaintiff also cites

18 U.S.C. §§ 241 and 242, but those are criminal statutes which do not provide a private cause of action. *Id.*

Plaintiff's complaint can be construed as alleging a *Bivens*-type claim against Connor for acting in conspiracy with federal officers. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (plaintiff may seek money damages from individual federal officers acting under color of federal law). The viability of such a claim appears to be an unsettled issue. *See Lovelace*, 684 F. Supp. at 1442 (court will "assume that if there is a sufficient allegation of conspiracy between a federal actor and private individuals, then a plaintiff may maintain a *Bivens* action against a private party").

Even assuming that such a claim is legitimate, Szeklinski's conspiracy allegations are conclusory. While Szeklinski uses the term "conspiracy" in his complaint, the allegations fail to suggest the existence of any agreement between Connor and the Trustee defendants to deprive Szeklinski of his federal constitutional rights. "Where the facts in the complaint are vague, [conclusory] and include no overt acts reasonably related to the promotion of the alleged conspiracy the complaint fails to state a claim based on conspiracy. Additionally, the factual allegations must suggest a 'meeting of the minds' between the alleged conspirators." *Kaufmann v. United States*, 876 F. Supp. 1044, 1051 (E.D. Wis. 1995); *see also Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (a private actor can have acted under color of law if the plaintiff establishes that "(1) the private individual and a state official reached an understanding to deprive the plaintiff of her constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents").

Accordingly, the complaint fails to state a claim as a matter of law.  *See Lovelace*, 684 F. Supp. at 1443 ("Lovelace's claim against Hall fails under the 'color of law' requirement. While the complaint alleges a conspiracy between Hall, Whitney and Turow, the federal prosecutor, it does so in conclusory terms.  'Conclusory pleadings of a conspiracy must be dismissed'").

The complaint also alleges that Connor "caused a federal felony, by the invasion and theft of documentation, online, from within Plaintiff's computer." (Complaint, Parties, ¶ 4). Once again, federal criminal statutes do not provide a private cause of action.  Moreover, to the extent that Szeklinski attempts to state a common law claim for theft or conversion, the Court lacks subject matter jurisdiction over state law claims.  The parties are not diverse, so the Court lacks diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

Finally, the complaint identifies each defendants' spouse as additional defendants in this matter.  Plaintiff alleges that "each of the fictitiously named defendants is responsible in some manner for the occurrence herein alleged, and share under Wisconsin State Marital property Law equal liability for Plaintiff's damages as herein alleged and were caused by their spouse's illegal conduct." (Complaint, Parties, ¶ 5).  Plaintiff does not allege that any of the defendants' spouses participated in the alleged constitutional violations. Accordingly, Szeklinski cannot proceed with claims against those unnamed individuals.  Moreover, the underlying claims fail as a matter of law, so there can be no derivative liability in any event.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Szeklinski's motion for leave to proceed IFP [Docket No. 2] is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2007.

                          **SO ORDERED,**

                          **s/ Rudolph T. Randa**
                          **HON. RUDOLPH T. RANDA**
                          **Chief Judge**